# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:16-CV-00079-RLV

| | |
|---|---|
| JONATHAN BYNUM, ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> LINCOLN COUNTY CLERK OF ) </br> COURT, ) </br> ) </br> Defendant. ) </br> ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff Jonathan Bynum's Motion to Proceed *in forma pauperis* (Doc. No. 2) (the "IFP Motion"). Also before the Court is a Motion for a New Trial (Doc. No. 3), and a Motion to Stay (Doc. No. 4). For the following reasons, the IFP Motion is **DENIED**, the Motion for a New Trial is **DENIED**, the Motion to Stay is construed as a petition for Chapter 13 bankruptcy and is **TRANSFERRED**, and the complaint is **DISMISSED**.

Because Plaintiff is seeking to proceed *in forma pauperis*, the Court must first review the complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In so doing, the Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Indeed, the rules governing the generous construction of *pro se* pleadings "do[] not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Ashby v. City of Charlotte*, 2015 U.S. Dist. LEXIS 103286, at *4 (W.D.N.C. Aug. 6 2015); *Godfrey v. Long*, 2012 U.S. Dist. LEXIS 2671, at *3-4 (E.D.N.C. 2012) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)); *accord Atherton v. Dist. of Columbia Off. of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("[E]ven a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

In his complaint, Plaintiff alleges a cause of action against the Clerk of Court of Lincoln County, North Carolina (hereinafter, the "Defendant" or the "Clerk"). [Doc. No. 1] at p. 1. His causes of action appear to arise out of an order of foreclosure approved by the Defendant in April 2016. *See* [Doc. No. 1-2] at p. 2. A notice of foreclosure sale soon followed, and the foreclosure appears to arise out of a dispute with BB&T Bank, a North Carolina corporation against which Plaintiff has filed multiple frivolous lawsuits. *See*, *e.g.*, *Bynum v. BB&T Bank*, 5:16-CV-00027-RLV-DCK; *Bynum v. BB&T Bank*, 5:15-CV-120- RLV-DSC, 2015 U.S. Dist. LEXIS 143852 (W.D.N.C. Oct. 21, 2015). Here, however, Plaintiff appears to be seeking monetary damages and injunctive relief against the Defendant for his or her role in the foreclosure hearing. [Doc. No. 1] at pp. 2-5. He asserts that the Clerk erred in entering an order of foreclosure because "case law" was "overlook[ed]," because "legal authority" was not "disclos[ed]," because "material evidence in aprils [sic] hearing" was "overlooked," and because certain motions to stay were denied. *Id.* at p. 3. Plaintiff seeks a new trial, a stay of the foreclosure, and damages. *Id.* at pp. 3-5.

"Judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). A judge will be subject to liability only if "he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (internal citation omitted). "Absolute immunity 'applies to all acts of auxiliary court personnel that are basic and integral part[s] of the judicial function.'" *Jackson v. Houck*, 181 Fed. App'x 372, 373 (4th Cir. 2006) (quoting *Sindram v. Suda*, 986 F.2d 1459, 1461 (D.C. Cir. 1993) (holding that "clerks, like judges, are immune from damage suits for performance of tasks that are an integral part of the judicial process")). The doctrine of absolute immunity has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts.'" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992) (citation omitted); *see also Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (overruling *McCray v. Maryland*, 456 F.2d 1 (4th Cir. 1972)). This immunity, at least with respect to claims under Section 1983, applies to requests for injunctive relief as well. *See* 42 U.S.C. § 1983 (providing that a state actor "shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.").

Here, the Defendant Clerk is entitled to absolute immunity from suit. Plaintiff is seeking to stay a foreclosure and have a "new trial" concerning the subject matter of the April 2016 foreclosure order entered by the Defendant. In addition, the Plaintiff seeks damages resulting from the Defendant's purported judicial acts. Plaintiff's damages claim is completely barred by the Defendant's absolute immunity. To the extent Plaintiff alleges a Section 1983 claim, his request

for injunctive relief is barred by the same immunity. The Clerk's discretionary decisions in state foreclosure proceedings are covered by immunity because Clerks of the Superior Court are judicial officials in North Carolina, and foreclosure proceedings are within their jurisdiction. *See* N.C. Gen. Stat. §§ 7A-40; 45-21.16. Therefore, absolute immunity requires the dismissal of Plaintiff's damages claims and Section 1983 claim (respecting both the damages and injunctive relief aspects of those claims).

In any event, the Court has reviewed the complaint and exhibits closely and Plaintiff has not alleged a claim under either Section 1983 or Section 1985. *See* 42 U.S.C. §§ 1983, 1985. With regard to Section 1983, Plaintiff has not specifically alleged the violation of any constitutional or statutory right. In particular, Plaintiff has not alleged how the foreclosure order violates either his procedural or substantive due process rights. With regard to Section 1985, the complaint clearly fails because there is no allegation that the Defendant conspired with another to commit any of the acts proscribed by that section. *See* 42 U.S.C. 1985(1)-(3). The "conspiracy" element is a high hurdle indeed – the Fourth Circuit "has rarely, if ever, found that a plaintiff has set forth sufficient facts to establish a section 1985 conspiracy." *Simmons v. Poe*, 47 F.3d 1370, 1377 (4th Cir. 1995). Plaintiff's complaint comes up far short of accomplishing what others before him have failed to do. Consequently, Plaintiff's federal claims must be dismissed and, therefore, federal question jurisdiction is lacking.[1]

---

[1] In addition, to the extent Plaintiff's claims are against Defendant in his or her "official capacity," such claims are in actuality a claim against the State *itself*. This is because, under North Carolina law, the Clerk of the Superior Court is not an employee of the county in which he or she sits, but is, instead, an official employee of the State of North Carolina. *See* N.C. Const. art. IV, §§ 9(3), 20; *accord* N.C. Gen. Stat. §§ 7A-100, -101, -103. Therefore, the Defendant is not a "person" subject to an official capacity suit under either Section 1983 or Section 1985. *See, e.g., Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989); *Mahle v. Municipality of Anchorage*, 313 Fed. App'x 18, 19 (9th Cir. 2008); *Ross v. Illinois*, 48 Fed. App'x 200, 202 (7th Cir. 2002).

Because federal question jurisdiction is lacking, and because the parties are not diverse,[2] the Court may exercise supplemental jurisdiction over any state law claims contained in the complaint or dismiss the complaint in its entirety.[3] *See* 28 U.S.C. § 1367. The Court declines to exercise supplemental jurisdiction. Accordingly, the IFP Motion is **DENIED**, the Motion for a New Trial is **DENIED**, and the complaint is **DISMISSED**.

It also appears to the Court that Plaintiff is attempting to file a Chapter 13 petition for bankruptcy. *See* [Doc. No. 1-3] at p. 3 (stating that Plaintiff "hereby motions the Court for involuntary bankrucpy [sic] . . . ."); *see also* [Doc. No. 4]. In order to be considered, such a petition must be filed with the bankruptcy court. In *lieu* of dismissing the Motion to Stay, the Court construes the Motion as a petition for bankruptcy and hereby **TRANSFERS** the petition (Doc. No. 4) to the United States Bankruptcy Court for the Western District of North Carolina, Statesville Division for filing as such.[4]

As a final matter, the Court again notes that Plaintiff Bynum has filed *numerous* suits with this Court – many of which have been dismissed as outright frivolous. The Court hereby warns Mr. Bynum: The resources and patience of this Court are not limitless. One consumes governmental resources when filing a lawsuit. These governmental resources are available to assist persons with dispute resolution. However, the consumption of governmental resources for the purpose of harassment detracts from this Court's ability to provide resources to others. Put simply,

---

[2] To the extent Plaintiff alleges claims against the Clerk in his or her "official capacity," diversity does not exist because such a suit is against North Carolina itself and "[i]t is well established that for purposes of diversity jurisdiction, a State is not a 'citizen.'" *See*, *e.g.*, *S.C. Dep't of Disabilities & Special Needs v. Hoover Universal, Inc.*, 535 F.3d 300, 303 (4th Cir. 2008). To the extent such claims are against the Clerk in his or her "individual" capacity, Plaintiff has failed to allege the citizenship of that individual.

[3] The Court also finds that it is precluded from calling into question the Clerk's order of foreclosure by the *Rooker-Feldman* doctrine. *See*, *e.g.*, *Pickens v. JP Morgan Chase Bank, N.A.*, 2016 U.S. Dist. LEXIS 62911, at *10-18 (W.D.N.C. May 12, 2016) (Voorhees, J.). Accordingly, this is a separate and independent ground for denying Plaintiff's claims for relief.

[4] Because the petition (Doc. No. 4) is currently filed with this Court, it should be administratively terminated from this Court's docket upon transfer.

time spent working on cases that are ultimately found frivolous takes away time that could have been spent working on other, non-frivolous matters. "[J]udicial resources are in scarce supply. Meritorious claims often take years to w[i]nd their way through our court system, in part because the judicial system is so overburdened." *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 820 (4th Cir. 2004). If Plaintiff intends to continue having frivolous matters filed with this Court, then the Court may impose **SANCTIONS**, including, but not limited to, a finding of contempt and a pre-filing injunction.

    **SO ORDERED**.

Signed: May 26, 2016

Richard L. Voorhees
United States District Judge